UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| IN THE MATTER OF: | Case No. 17-03403 |
| FIDDLER, GONZALEZ & RODRIGUEZ, PSC | Chapter 7 |
| Debtor(s) | |
| Noreen Wiscovitch-Rentas, as Chapter 7 Trustee of the Debtor, FIDDLER, GONZALEZ & RODRIGUEZ, PSC.<br>Plaintiff(s) | ADVERSARY NUMBER 19-00326 |
| v. | |
| Pedro I. Vidal Cordero<br>Defendant | |

## ANSWER TO COMPLAINT

TO THE HONORABLE COURT:

**NOW COMES PEDRO I. VIDAL CORDERO**, his spouse Yvonne McBurney Henríquez through the undersigned attorney, and respectfully states and prays:

### Introduction

1. Paragraph 1 is admitted.
2. Paragraph 2 is admitted.
3. Paragraph 3 is admitted.
4. Paragraph 4 is admitted.

### The Parties

5. Paragraph 5 is admitted.
6. Paragraph 6 is admitted.
7. Paragraph 7 is denied.

## Background

8. In response to paragraph 8, Defendants are without sufficient information to either admit or deny the allegations contained therein, and therefore deny them.

9. In response to paragraph 9, Defendants deny that by 2013 Fiddler, Gonzalez & Rodriguez, PSC., was insolvent.

10. In response to paragraph 10, Defendants are without sufficient information to either admit or deny the allegations contained therein, and therefore deny them.

11. In response to paragraph 11, Defendants are without sufficient information to either admit or deny the allegations contained therein, and therefore deny them.

12. Paragraph 12 is denied.

13. Paragraph 13 is denied.

## Transfer at Issue

14. Paragraph 14 is denied.

### Count I – Avoidance of Avoidable Transfers Pursuant to 11 U.S.C. §§547, 548, and 550

15. Defendants incorporate and reallege Paragraphs 1 through 14 as is fully set forth in the answer of Count I of the Complaint.

16. Paragraph 16 is admitted as a matter of law.

17. Paragraph 17 is admitted as a matter of law.

18. Paragraph 18 is denied.

19. Paragraph 19 is denied.

20. Paragraph 20 is denied.

21. Paragraph 21 is denied.

22. Paragraph 22 is denied.

## Count II – Rescission of Transfers Pursuant to 11 USC §544(b) and Art. 1243 (3) of Puerto Rico's Civil Code

23. Defendants incorporate and reallege Paragraphs 1 through 22 as if fully set forth in the answer of Count II of the Complaint.

24. Paragraph 24 is admitted as a matter of law.

25. Paragraph 25 is admitted as a matter of law.

26. In response to Paragraph 26, the premise as written is misleading as a matter of law, and therefor is denied.

27. Paragraph 27 is denied.

28. Paragraph 28 is denied.

29. In response to Paragraph 29, the premise as written is misleading as a matter of law, and therefor is denied.

30. Paragraph 30 is admitted as a matter of law.

31. Paragraph 31 is admitted as a matter of law.

32. Paragraph 32 is denied.

33. Paragraph 33 is denied.

34. Paragraph 34 is denied.

35. In response to paragraph 35, Defendants are without sufficient information to either admit or deny the allegations contained therein, and therefore deny them.

36. Paragraph 36 is denied.

## Count III – Turnover of Property Pursuant to 11 U.S.C. §542

37. Defendants incorporate and reallege Paragraphs 1 through 36 as if fully set forth in the answer of Count III of the Complaint.

38. Paragraph 38 is denied.

39. Paragraph 39 is denied.

40. In response to paragraph 40 it is only admitted that the defendant Pedro I. Vidal Cordero received value. Defendants deny that it was a transfer as defined in paragraph 14 and or for his benefit.

### Count IV – Objection to Claim

41. Defendants incorporate and reallege Paragraphs 1 through 40 as if fully set forth in the answer of Count IV of the Complaint.

42. Paragraph 42 is denied.

43. Paragraph 43 is denied.

### Count V – Subordination of Claims

44. Defendants incorporate and reallege Paragraphs 1 through 43 as if fully set forth in the answer Count V of the Complaint.

45. Paragraph 45 is denied.

46. Paragraph 46 is admitted as a matter of law.

47. Paragraph 47 is denied.

### Count VI – Relief Against Conjugal Partner Defendants

48. Defendants incorporate and reallege Paragraphs 1 through 47 as if fully set forth in the answer Count VI of the Complaint.

49. Paragraph 49 is denied.

50. Paragraph 50 is denied.

## AFFIRMATIVE DEFENSES

1. The alleged transfer occurred outside the two year period pursuant Section 548 of the Bankruptcy Code. Also, the alleged transfer occurred outside the one (1) year reach-back period (for insiders) of Section 547(b)(4)(B). Thus, the preference claim is insufficient as a matter of law, contrary to law, and not applicable to Defendants.

2. The alleged transfer was made before the Debtor became insolvent. Thus, the preference claim is insufficient as a matter of law.

3. The alleged transfer was made in exchange of a reasonable value and in good faith, therefore, not fraudulent.

4. The alleged transfer was made in the ordinary course of business or financial affairs, and according to ordinary business terms, therefore, not fraudulent.

5. The alleged transfer was intended by the Debtor and the Defendant Pedro I. Vidal Cordero to be a contemporaneous exchange for new value given to the Debtor, and substantially contemporaneous to the payment according to ordinary business terms.

6. The alleged transfer was made for new value to or for the benefit of the Debtor not secured by an otherwise avoidable security interest and the debtor at the time had not fully compensated the Defendant Pedro I. Vidal Cordero for the new value as of the date that it filed its bankruptcy petition.

7. The amount of the value of the alleged transfer is unreasonable, exaggerated or does not reflect market value.

8. The contract between the Debtor and the Defendant Pedro I. Vidal Cordero, as to the alleged transfer, was valid and with a legal and valuable consideration. The Defendant Pedro I. Vidal Cordero was a good-faith transferee and the alleged

transfer was made before the Debtor became insolvent. Therefore, the contract must not be presumed in fraud of creditors. Thus, the legal framework under the law of Puerto Rico about rescission of contracts is not applicable to Defendants.

9. Pursuant to Section 553 (11 U.S.C. §553) of the Bankruptcy Code, Defendants hold and oppose their right as a creditor to offset a mutual debt owing by the Defendant Pedro I. Vidal Cordero to the Debtor that arose long before the commencement of the case against a claim of Defendant Pedro I. Vidal Cordero as creditor against the Debtor that arose long before the commencement of the case.

10. The Defendants are married under a prenuptial agreement with the economic regime of total separation of assets. Therefore, the inclusion of the spouse in this complaint is contrary to law.

**WHEREFORE,** Defendants respectfully pray for this Honorable Court to dismiss the case imposing Plaintiff costs, expenses, and attorney fees.

RESPECTFULLY SUBMITTED.

**CERTIFICATE OF SERVICE:** It is hereby certified that on this same date, we electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to counsels of record who are CM/ECF system participants to their corresponding e-mail addresses.

In Ponce, Puerto Rico, this June 14, of 2019.

BUFETE EMMANUELLI CSP

/s/Rolando Emmanuelli Jimenez
ROLANDO EMMANUELLI JIMENEZ
USDC 214105
P O Box 10779
Ponce, PR 00732-0779
TEL. (787) 848-0666  Fax (787) 841-1435
E-mail: rolando@bufete-emmanuelli.com